AUTOMOBILE ASSOCIATION *v.* FERRY CO.; MCINTOSH *v.* SNIPES.

AMERICAN AUTOMOBILE ASSOCIATION, INC., v. EDENTON-MACKEYS
FERRY COMPANY, INC.

(Filed 18 February, 1931.)

APPEAL by plaintiff from *Harris, J.,* at December Term, 1930, of
CHOWAN.

Civil action to recover on advertising contract.

From a directed verdict in favor of the defendant the plaintiff appeals, assigning errors.

*W. D. Pruden for plaintiff.*
*Privott & Privott for defendant.*

PER CURIAM. The theory of the court's instruction to the jury is
that the plaintiff failed to show compliance with the terms of the contract on its part. The record discloses no reversible error.

No error.

_____

A. F. MCINTOSH v. F. R. SNIPES.

(Filed 4 March, 1931.)

APPEAL by plaintiff from *Devin, J.,* and a jury, at November Term,
1930, of LEE. No error.

This was an action for actionable negligence brought by plaintiff
against defendant, alleging damages. The defendant denied that he
was guilty of any negligence and set up the plea of contributory negligence, and in his answer, among other things, as a defense said: "That
while the defendant was driving his automobile along and upon McIver
Street in a western direction, and after he had crossed and passed
beyond the intersection of First Street and Jenkins Street, and while
he was some distance west of said streets, at a low and lawful rate of
speed and in a careful manner, the plaintiff stepped from behind a
truck where he was concealed and not visible to the defendant into the
street directly in front of the automobile driven by the defendant at
such time and in such way and manner and in such close proximity to
said automobile that it was impossible for the defendant to stop his
automobile and prevent the collision with the plaintiff and the resulting injury to him."

The issues submitted to the jury and their answers thereto were as follows:

"1. Was the plaintiff injured by the negligence of the defendant as alleged in the complaint? Answer: Yes.

2. Did plaintiff, by his negligence, contribute to his injury as alleged in the answer? Answer: Yes.

3. What damages is plaintiff entitled to recover therefor? (No answer.)."

Judgment was rendered for defendant on the verdict. Plaintiff made numerous exceptions and assignments of error and appealed to the Supreme Court.

*Williams & Williams and Hoyle & Hoyle for plaintiff.*
*A. A. F. Seawell and Gavin, Teague & Byerly for defendant.*

PER CURIAM. On or about 11 November, 1929, defendant, who was driving a Hudson sedan automobile in the town of Sanford, ran into plaintiff, a pedestrian, when he started across McIver Street to his place of business in said town, and seriously injured him. The plaintiff in his brief set forth five questions presented, none of which we think can be sustained, as we see no prejudicial or reversible error on the record. The jury decided the disputed fact of contributory negligence for the defendant, and in law we find

No error.